**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XUE YUN LIN, | No. 07-73686 |
| Petitioner, | Agency No. A097-363-118 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2010**

Before:     B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Xue Yun Lin, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Lin v. Gonzales*, 472 F.3d 1131, 1133 (9th Cir. 2007), and we grant the petition for review, and remand.

Lin credibly testified she went into hiding for three months and escaped China to avoid a forced abortion on account of her status as a pregnant, single, underage woman. She gave birth shortly after arriving in this country. Her boyfriend was imprisoned for this offense, and when released, also escaped China. A reasonable fact finder would be compelled to conclude that Lin suffered past persecution on account of her resistance to China's coercive population control program. *See* 8 U.S.C. § 1252(b)(4) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *see also* 8 U.S.C. § 1101(a)(42)(B); *Jiang v. Holder*, 2010 WL 2757377 (9th Cir. July 14, 2010). Accordingly, we grant the petition and remand for the BIA, which shall, on behalf of the Attorney General, exercise discretion regarding whether to grant asylum. *See Li v. Ashcroft*, 356 F.3d 1153, 1160-61 (9th Cir. 2004) (en banc). We also grant and remand for further proceedings on whether Lin is eligible for withholding of removal and CAT relief. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**